UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

YONG WANG,

Defendant.

**ORDER**

11 Cr. 730 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On May 10, 2013, Defendant Yong Wang pled guilty to Count One of (S1) Indictment 11 Cr. 730, which charged him with advertising child pornography in violation of 18 U.S.C. § 2251(d)(1).  (See May 10, 2013 Minute Entry; Plea Tr. (Dkt. No. 62); (S1) Indictment (Dkt. No. 55) at 1-2)[1]

Wang's guilty plea arose from his ownership and operation of eighteen websites containing several thousand images and videos of young children engaged in sexually explicit conduct with adults.  (PSR ¶ 17)  Between 2007 and 2011, Wang sold memberships to these websites, generating approximately $750,000 in revenue.  (See id.)

On April 24, 2014, this Court sentenced Wang to 210 months' imprisonment. (April 24, 2014 Minute Entry; Sent. Tr. (Dkt. No. 78) at 28-32); Judgment (Dkt. No. 76) at 2) His Sentencing Guidelines range was the statutory maximum:  thirty years' imprisonment.[2]

---

[1]  The page numbers referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

[2]  In performing the Guidelines calculations, this Court imposed a 14-level enhancement under U.S.S.G. § 2G2.2(b)(3)(A), because Wang had distributed child pornography for pecuniary gain, and the "retail value" of the child pornography he distributed was more than $400,000.  (Sent. Tr. (Dkt. No. 78) at 4-10)  The plea agreement and Pre-Sentence Report did not include this enhancement, and provided for a Guidelines range of 210 to 262 months' imprisonment.  (See PSR ¶¶ 7, 62)

(Sent. Tr. (Dkt. No. 78) at 9-10)  A fifteen-year mandatory minimum sentence also applied to Wang's offense.  (18 U.S.C. § 2251(e); <u>see also</u> Sent. Tr. (Dkt. No. 78) at 24)  In imposing a 210-month sentence, this Court noted that Wang had operated a lucrative business "built on exploiting the unimaginable suffering of the most vulnerable members of our society," and that a lengthy sentence was necessary to deter others from engaging in such conduct.  (<u>See</u> Sent. Tr. (Dkt. No. 78) at 25, 27-28)

Wang is now incarcerated at the Big Spring (Flightline) Correctional Institution. (Def. Motion (Dkt. No. 93) at 8)  He has been in custody since June 23, 2011.  (PSR ¶ 8)  Wang estimates that he will be released in May 2026.[3]  (Def. Motion (Dkt. No. 93) at 2)

On April 20, 2021, Wang applied to the warden of his institution for compassionate release.  The warden denied Wang's request on May 2, 2021.  (<u>Id.</u> at 3)

On June 4, 2021, Wang filed a motion with this Court for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (<u>Id.</u> at 4)  In his motion, Wang contends that he is entitled to compassionate release because (1) he is the only available caretaker for his parents, both of whom purportedly suffer from medical conditions that require in-home care; and (2) his wife[4] wishes to have a child with him while she is of childbearing age.  (<u>Id.</u> at 6-7)  Attached to Wang's motion are, <u>inter alia</u>, medical records for Wang's father, and letters of support from his friends, family members, and spiritual advisor.  (<u>Id.</u> at 13-22, 26-39)

The Government opposes Wang's application for compassionate release.  (Govt. Opp. (Dkt. No. 96))  As to Wang's parents, the Government argues that Wang has not

---

[3]  Wang has served approximately 132 months.  By May 2026, Wang will have served approximately 85% of his 210-month sentence.

[4]  Wang's current marital status is not clear.  In his motion, he refers to the same individual as his wife and his "ex-wife."  (<u>See</u> Def. Motion (Dkt. No. 93) at 7, 10)

established that his parents' medical condition requires in-home care, or that his wife – who is 39

years old and lives with Wang's parents – cannot care for them.  The Government further notes

that Wang – who is a citizen of China – will likely be deported to China upon release.

Accordingly, even if this Court were to grant compassionate release, Wang would not be able to

provide care for his parents, who reside in Flushing, New York.  (Id. at 3-4 & 4 n.4; see also PSR

¶ 40; Def. Mot. (Dkt. No. 93) at 10)  As to Wang's desire to have children, the Government

argues that this desire does not constitute an "extraordinary and compelling reason" justifying

compassionate release.  (Govt. Opp. (Dkt. No. 96) at 4)  Finally, the Government contends that

analysis of the Section 3553(a) factors indicates that Wang's application for compassionate

release should be denied.  (Id. at 5)  According to the Government, Wang caused significant

harm to the victims depicted in the child pornography he sold online, and – given the nature of

his offense and the need for general deterrence – compassionate release would undermine the

goals of the original sentence.  (Id.)

        In an amended motion filed on August 23, 2021, Wang argues that, at the time of

his offense, he was not aware that his conduct was illegal, and accordingly he did not have the

necessary mens rea to sustain a conviction under 18 U.S.C. § 2251(d)(1).  (Def. Am. Mot. (Dkt.

No. 97))

        The Government has responded to Wang's amended motion, arguing that (1)

challenges to the validity of an underlying conviction are not appropriate in a motion for

compassionate release; and (2) a conviction under 18 U.S.C. § 2251(d) does not require that the

defendant know that his conduct was illegal.  (Govt. Resp. (Dkt. No. 99) at 3-4)

        For the reasons stated below, Wang's application for compassionate release will

be denied.

**DISCUSSION**

I.    **LEGAL STANDARD**

The compassionate release statute – 18 U.S.C. § 3582(c)(1)(A)(i) – provides that

a court may

> upon motion of the Director of the Bureau of Prisons, or upon motion of the
> defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's
> behalf . . . , reduce the term of imprisonment (and may impose a term of probation
> or supervised release with or without conditions that does not exceed the unserved
> portion of the original term of imprisonment), after considering the factors set
> forth in section 3553(a) to the extent that they are applicable, if it finds that . . .
> extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Pursuant to this statute, a defendant seeking compassionate release must "fully

exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf," or "30 days [must have lapsed] from the receipt of such a request by

the warden of the defendant's facility."  (Id.)

A court considering an application for compassionate release must weigh the

sentencing factors set forth in 18 U.S.C. § 3553(a) and determine whether there are

"extraordinary and compelling reasons [that] warrant such a reduction."  (Id.)  "[T]he district

court has broad discretion in evaluating a defendant's motion for compassionate release," United

States v. Vargas, No. 88-CR-325 (VEC), 502 F. Supp. 3d 820, 824 (S.D.N.Y. Nov. 24, 2020),

and may "consider the full slate of extraordinary and compelling reasons that an imprisoned

person might bring before them. . . ."  United States v. Brooker, 976 F.3d 228, 237 (2d Cir.

2020).

4

II.   **ANALYSIS**

      Here, the Government does not dispute that Wang has exhausted his administrative remedies.  (Govt. Opp. (Dkt. No. 96) at 2)  As discussed above, however, the Government contends that Wang has not demonstrated "extraordinary and compelling reasons" justifying compassionate release, and that consideration of the Section 3553(a) factors indicates that Wang's application should be denied.

      A.   **Section 3553(a) Factors**

      18 U.S.C. § 3553(a) directs a sentencing court to consider

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement –

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet

> to be incorporated by the Sentencing Commission into
> amendments issued under section 994(p) of title 28) . . .

> (6) the need to avoid unwarranted sentence disparities among defendants
> with similar records who have been found guilty of similar conduct; and

> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In imposing a 210-month sentence, this Court found that "a very substantial

period of incarceration [wa]s warranted," because

> [t]he business [Wang had] operated for a number of years was built on exploiting the
> unimaginable suffering of the most vulnerable members of our society:  [o]ur children.
> He exposed the sexual abuse and torture that they suffered and distributed images and
> videos of their torture to all worldwide who were willing to pay the cost of admission.
> And he made a lot of money doing so.  And in doing so, he added to the pain and
> suffering of these innocent victims. . . .  His crime is one that calls out for a sentence that
> will deter anyone who is contemplating entering into the business of distributing child
> pornography for profit.  Society cannot tolerate anyone attempting to profit off of this
> type of abuse.

(Sent. Tr. (Dkt. No. 78) at 24, 27)

Wang argues that the Section 3553(a) factors counsel his immediate release

because (1) he has made a positive adjustment to incarceration; and (2) he has already served

more than ten years.  (Def. Motion (Dkt. No. 93) at 7; Def. Am. Motion (Dkt. No. 97) at 5)

Acknowledging that the record indicates that Wang has engaged in programming at his

institution, and appears to have made a positive adjustment to his incarceration, these facts do

not demonstrate that he is entitled to compassionate release.  The nature of Wang's offense

indicates that he presents a danger to the community.  As to the ten years of imprisonment that

Wang has already served, this Court concluded that a 210-month sentence was necessary to

achieve all the objectives of sentencing set forth in Section 3553(a), including specific and

general deterrence.  Nothing in the record demonstrates that that conclusion is wrong.

While Wang has expressed regret for his conduct and appears to have made productive use of his time in prison, these circumstances do not change this Court's prior assessment of the Section 3553(a) factors.

Accordingly, consideration of the Section 3553(a) factors militates against granting compassionate release.

### B.    **<u>"Extraordinary and Compelling Reasons"</u>**

In order to prevail on his compassionate release motion, Wang must demonstrate that "extraordinary and compelling reasons warrant . . . a reduction" in his sentence, and that any reduction that is granted comports with "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Wang argues that he is entitled to compassionate release because (1) he wishes to care for his parents, who suffer from medical conditions that require in-home care; (2) he wishes to have a child with his wife while she is of childbearing age; and (3) he did not know that his conduct was illegal at the time he committed his offense.  (Def. Mot. (Dkt. No. 93) at 6-7; Def. Am. Mot. (Dkt. No. 97))

As to his parents, Wang has submitted medical records showing that his father – who is approximately 60 years old – sustained a work injury in 2018 and underwent cervical spine surgery in or around December 2020.  (Def. Mot. (Dkt. No. 93) at 10, 26-35; <u>see also id.</u> at 13-14 (letter from Wang's father))  As the Government notes, however, the father's medical records do not show that he is incapable of caring for himself.  (<u>See</u> Govt. Opp. (Dkt. No. 96) at 4)  Indeed, a March 2021 medical examination performed in connection with the father's worker's compensation claim indicates that he only suffered a "temporary marked disability" as a result of the surgery.  (<u>Id.</u> at 30; <u>see also id.</u> (recommending therapy three times a week for six

weeks))[5]  Wang also claims that his mother – who is likewise approximately 60 years old – suffers from heart disease and depression.  (See Def. Mot. (Dkt. No. 93) at 7, 10)  But Wang has not provided any medical records documenting these alleged conditions, much less shown that they prevent his mother from caring for herself or her husband.  (See Govt. Opp. (Dkt. No. 96) at 3-4)

Even if there were evidence that Wang's parents cannot care for themselves, Wang has not explained why his 39-year-old wife – who lives with his parents (Def. Mot. (Dkt. No. 93) at 10) – cannot provide the necessary care.

Finally, even if this Court were to grant Wang's application, he is subject to an ICE detainer.  Because he is a citizen of China – and a permanent resident of the United States – he is subject to deportation as a result of his conviction.  (PSR ¶ 40; Def. Mot. (Dkt. No. 93) at 24 (inmate record stating that Wang is a "criminal alien" who would be "release[ed] to custody of ICE"))  Accordingly, Wang will not be permitted to care for his parents in Flushing, New York.

The Court concludes that Wang's alleged caretaking responsibilities do not constitute "extraordinary and compelling releases" justifying compassionate release.

Wang's desire to have children likewise does not constitute an "extraordinary and compelling reason" justifying his release.

---

[5]  Wang has also submitted medical records showing that his father underwent liver surgery in 2018, but Wang does not explain how, if at all, that surgery or the underlying condition that prompted it render his father incapable of taking care of himself.  (See Def. Mot. (Dkt. No. 93) at 36-39)

As to Wang's assertion that he did not know that his conduct was illegal at the time of his offense, he has not supported that allegation with an affidavit or declaration.[6]  In any event, Wang's offense does not require proof that he knew that he was violating the law.  See United States v. Pabon-Cruz, 255 F. Supp. 2d 200, 208-09, 211 (S.D.N.Y. 2003) (noting that 18 U.S.C. § 2251(d) requires that a person "knowingly make[], print[], or publish[] . . . any notice or advertisement seeking or offering to receive, exchange, buy, produce, display, distribute, or reproduce [child pornography]," and that "'knowingly' . . . means that the defendant knew what he was doing" (quotation marks and citations omitted)); United States v. Norris, No. 1:16-CR-00093, 2017 WL 1230466, at *7 & n.10 (S.D. Ohio Apr. 4, 2017) (noting that 18 U.S.C. § 2251(d) is a "general intent crime[]" that merely requires that the defendant "intend to do the act that the law proscribes").

Accordingly, Wang has not demonstrated that "extraordinary and compelling reasons" justify his release.

---

[6]  The Second Circuit has held that "arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors." United States v. Amato, 37 F.4th 58, 62 (2d Cir. 2022).  The Second Circuit has not, however, addressed whether such arguments can be considered in assessing whether an "extraordinary and compelling" reason justifying early release exists.  See United States v. Rivernider, No. 3:10-CR-222 (RNC), 2020 WL 597393, at *5 (D. Conn. Feb. 7, 2020) ("Perhaps the 'extraordinary and compelling' standard . . . may permit legal errors that are no longer subject to correction on collateral attack to be given weight, as an equitable matter, in the context of a case involving an extraordinarily long sentence in which the factors explicitly mentioned in the Commission's policy statement are present to a substantial degree.").

## **CONCLUSION**

For the reasons stated above, Wang's application for compassionate release pursuant to 18 U.S.C § 3582(c)(1)(A)(i) is denied.

Dated: New York, New York
       July 11, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge